IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MINNIE L. COKER                                                                                        PLAINTIFF

V.                                                            CIVIL ACTION NO. 2:07CV238-B-A

WAL-MART STORES EAST, L.P.                                                           DEFENDANT

## MEMORANDUM OPINION

This cause comes before the court upon the plaintiff's motion for reinstatement or, in the alternative, for front pay, and motion for liquidated damages and the defendant's motion for judgment as a matter of law, for new trial or, in the alternative, motion for amendment of the judgment and remittitur. Upon due consideration, the court is ready to rule.

In considering the defendant's motion for judgment as a matter of law, the court follows the "reasonable man" standard set forth in *Boeing v. Shipman*, 411 F.2d at 374-75 (5th Cir. 1969) *overruled on other grounds by Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (1997). The standard provides that "[i]f the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motion [for judgment as a matter of law] is proper." *Id.* at 374. It is not the "court's job to weigh conflicting evidence and inferences or to determine witness credibility; that responsibility lies with the jury alone." *Saucier v. Coldwell Banker*, 302 Fed. Appx. 302, 304 (citing *Miller v. Butcher Distributors*, 89 F.3d 265, 268 (5th Cir. 1996)). A motion for judgment as a matter of law after the jury has returned its verdict challenges the legal sufficiency of the evidence. Such a judgment "is appropriate only where there is no legally sufficient basis for a reasonable jury to find for a party." *Id.* (quoting *Arguello v. Conoco, Inc.*, 330 F.3d 355, 357 (5th Cir. 2003)).

The defendant asserts that plaintiff Minnie Coker was not similarly-situated to the younger employees who were not terminated after they admitted to selling tobacco products to minors.  The defendant argues that Coker was not similarly-situated because in the interim between the actions of the younger employees and Coker's termination, Walmart allegedly changed its policy with regard to underage tobacco sales, calling for termination of employees who violated the policy against such sales as opposed to mere discipline of the offending employees – the approach taken with the younger employees.  This argument was set forth at the summary judgment stage of this case and rejected by the court, as the issue presented a genuine question of fact.  At trial, the jury made its determination in the plaintiff's favor.  Evidence presented at trial revealed the vagueness surrounding this alleged policy change and the lack of knowledge of such a change by Walmart employees, including managerial employees.  The evidence was certainly sufficient for the jury to find that the alleged change in policy resulting in Walmart's termination of Coker was mere pretext.

The court further finds the evidence legally sufficient to support the jury's finding of willfulness.  "A finding of willfulness does not require a showing that the employer's conduct was 'outrageous.'"  *Tyler v. Union Oil Co. of California*, 304 F.3d 379, 398 (5th Cir. 2002).  The Fifth Circuit has "upheld jury findings of willfulness when a jury's finding of intentional violation of the ADEA necessarily implied a finding that the employer's proffered explanation for the adverse employment action was pretextual."  *Id.*

The court finds that the evidence set forth at the trial of this cause was legally sufficient to uphold the verdict reached by the jury.  For this reason, the defendant's motion for judgment as a matter of law must be denied.

The defendant moves, alternatively, for a new trial. In considering a motion for a new trial, the court may weigh all of the evidence and need not view it in the light most favorable to the nonmovant. *Laxton v. Gap, Inc.*, 333 F.3d 572, 586 (5th Cir. 2003). A court may grant a new trial only when "it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done." *Id.* (quoting *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999)). A new trial is in order only if the verdict is "against the great, and not merely the greater, weight of the evidence." *Id.*

The court has already determined, in ruling on the motion for judgment as a matter of law, that the evidence presented in this case was legally sufficient to uphold the jury's verdict. The court further finds that the jury's verdict was not against the great weight of the evidence. The defendant's motion for new trial must, therefore, be denied.

Finally, the defendant moves to amend the judgment and for remittitur, asserting that the plaintiff only asked the jury to return a verdict of $133,147.00. The jury, nevertheless, awarded $150,000.00. The plaintiff stipulates that a remittitur to $133.147.00 is appropriate in this case, and it shall be entered.

The court next turns to the plaintiff's motions. The plaintiff moves for liquidated damages and for reinstatement or front pay. "Under the ADEA, liquidated damages are only payable for 'willful' violations. 29 U.S.C. § 626(b). A violation is willful 'if the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA.'" *Tyler v. Union Oil Co. of California*, 304 F.3d 379, 398 (5th Cir. 2002) (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993)).

The court has upheld the jury's finding of willfulness. In accordance with the ADEA, the court is, therefore, compelled to award liquidated damages. "The ADEA statute provides for liquidated damages by means of cross-reference to the [Fair Labor Standards Act]." *Id.* at 399. The Fifth Circuit has held "that the plain language of the statutes requires the interpretation that liquidated damages in an amount equal to the back pay award are mandatory upon a finding of willfulness." *Id.* at 401. In light of this mandate, the court awards liquidated damages in the amount of $133,147.00.

The plaintiff also moves for reinstatement or, in the alternative, for front pay. The defendant's objection to this motion is that the plaintiff waived these remedies when she failed to include them as an issue in the final pretrial order. The defendant asserts that *Hardin v. Caterpillar, Inc.*, 227 F.3d 268 (5th Cir. 2000), stands for the proposition that failure to preserve the claims in the pretrial order is always fatal to such claims. The court disagrees. While the *Hardin* court did find it within the court's discretion to deny reinstatement or front pay since the plaintiff had failed to preserve the issues, the court's ruling does not mandate a denial of the claims under such circumstances in all cases. *Id.* at 269. The matter remains within the court's discretion. Further, the court is unpersuaded that the plaintiff did not effectively preserve the claims in the first instance. One of the contested issues set forth in the pretrial order is "whether Plaintiff is entitled to damages of any kind or in any amount whatsoever." "In light of the fact that reinstatement is the usual remedy in discriminatory discharge cases, this reference should be interpreted as encompassing a claim for equitable relief." *Chaney v. New Orleans Public Facility Management, Inc.*, No. CIV. A. 96-4023, 1997 WL 767685, at *2 (E.D. La. Dec. 10, 1997). Even if the plaintiff failed to include the issues in the pretrial order, the Fifth Circuit has

held that a plaintiff's failure to request such relief expressly does not preclude the award. *See Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869, 870 (5th Cir. 1991).

Because it is the "usual remedy" in discriminatory discharge cases and because the defendant has made no objection to reinstatement beyond the alleged waiver issue, the court finds that the plaintiff is entitled to reinstatement.

## Conclusion

For the foregoing reasons, the court finds that the defendant's motion for judgment as a matter of law and for new trial should be denied. The defendant's motion for remittitur should be granted. The court further finds that the plaintiff's motion for liquidated damages and reinstatement should be granted. A separate order in accord with this opinion shall issue this day.

This, the 29th day of September, 2010.

                                                    */s/ Neal Biggers*
                                                  **NEAL B. BIGGERS, JR.**
                                                  **SENIOR U.S. DISTRICT JUDGE**